# SUPREME COURT OF THE UNITED STATES

## ANTONIO NATHANIEL DAVENPORT, JR. *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 24–7435.　Decided December 8, 2025

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

I concur in the denial of certiorari because the petition is untimely and petitioner's counsel gave no explanation for the delay. See this Court's Rule 13.1; *Schacht* v. *United States*, 398 U. S. 58, 64 (1970) (the deadline to file a petition in a criminal case may be "relaxed by the Court in the exercise of its discretion when the ends of justice so require"). I write separately to address a statement made by the District Court when declining to give a jury instruction requested by petitioner.

Petitioner was charged with, as relevant, murder in aid of racketeering. See 18 U. S. C. §1959(a)(1). To make its case, the Government had to prove beyond a reasonable doubt that petitioner committed murder under North Carolina state law. At trial, the proposed jury instructions at no point defined what it means to prove an element of the offense beyond a reasonable doubt. Petitioner asked the District Court to give a jury instruction defining reasonable doubt for the underlying murder charge drawn from a North Carolina template jury instruction: "'For these elements of murder, proof beyond a reasonable doubt is proof that fully satisfies or entirely convinces you of the Defendant's guilt of murder.'" App. in No. 22–4660 (CA4), p. 1579 (CA4 App.).

The District Court demurred, stating that federal courts are "specifically prohibited from giving a definition of reasonable doubt." *Id.*, at 1493. After further consideration, the District Court denied the request and explained that "the federal rule . . . prohibits a court from defining reasonable doubt over and above what's included in the instructions already." *Id.*, at 1661. As a result, the jury did not receive an instruction on what reasonable doubt means.

The District Court was mistaken. Federal courts are not prohibited from defining reasonable doubt for the jury. In *Victor* v. *Nebraska*, 511 U. S. 1 (1994), this Court held that "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Id.*, at 5. Almost all the Courts of Appeals abide by this understanding. See, *e.g.*, *United States* v. *Walton*, 207 F. 3d 694, 696–697 (CA4 2000) (en banc) ("[T]he well-established rule of this Circuit is that although the district court may define reasonable doubt to a jury upon request, the district court is not required to do so"); see also *United States* v. *Alt*, 58 F. 4th 910, 921, and n. 1 (CA7 2023) (Kirsch, J., concurring) (explaining that "all" circuits "but [the Seventh Circuit] give district judges at least some discretion to" define reasonable doubt). Here, the District Court should have recognized that it had discretion over whether to grant petitioner's request and define reasonable doubt for the jury.

To be sure, in some cases, it may be wise not to define reasonable doubt. See *Holland* v. *United States*, 348 U. S. 121, 140 (1954) ("'Attempts to explain the term "reasonable doubt" do not usually result in making it any clearer to the minds of the jury'"). In this case, for example, the District Court expressed concern that giving petitioner's requested instruction as to the state-law murder charges, but no other aspects of the federal offense, might confuse the jury by suggesting they should apply different reasonable-doubt standards to different elements. CA4 App., 1662–1663.

Still, there are cases where defining reasonable doubt may be appropriate. "While judges and lawyers are familiar with the reasonable doubt standard, the words 'beyond a reasonable doubt' are not self-defining for jurors." *Victor*, 511 U. S., at 26 (Ginsburg, J., concurring in part and concurring in judgment). "Several studies of juror behavior have concluded that 'jurors are often confused about the meaning of reasonable doubt' when that term is left undefined." *Ibid.* (quoting Note, Defining Reasonable Doubt, 90 Colum. L. Rev. 1716, 1723 (1990)).

In view of the central importance of the reasonable-doubt standard to criminal procedure, balanced against the potential for confusion from a reasonable-doubt instruction, district courts should weigh the circumstances of each individual case to decide whether to provide a definition to the jury. For example, a judge may choose to give an explanation to clear up potential confusion caused by a party's misstatement of the standard. Or a judge may give one if the jury asks for it. This careful consideration will ensure that the reasonable-doubt standard retains its "indispensable" role in "command[ing] the respect and confidence of the community in applications of the criminal law." *In re Winship*, 397 U. S. 358, 364 (1970).